IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GIOVANNA SECRETI CALABRO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARTIN O'MALLEY,[1] ) <br> *Commissioner of Social Security*, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 22-1582 |

O R D E R

AND NOW, this 25th day of January, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g). The Clerk is directed to amend the docket to reflect this change.

1

decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2] Plaintiff argues the Administrative Law Judge ("ALJ") erred because the record demonstrates severe and medically determinable impairments that, when considered alone and in combination, meet Step Two of the sequential process and ultimately lead to a finding of disability. (Doc. No. 12 at 8-13). Plaintiff also contends that the ALJ failed to properly analyze the opinion of Dr. Lee Saltzgaber, M.D., a consultative examiner, in accordance with agency regulations. (*Id.* at 13-17). The Court disagrees, and for the following reasons, affirms the decision of the ALJ.

The ALJ uses a five-step evaluation to determine disability. 20 C.F.R. § 404.1520(a). Step One requires the ALJ to "consider [the claimant's] work activity" to ensure he or she is not doing "substantial gainful activity." *Id.* § 404.1520(a)(4)(i). At Step Two the ALJ "consider[s] the medical severity of [the claimant's] impairment(s)." *Id.* § 404.1520(a)(4)(ii). For the inquiry to continue, the ALJ must find that the claimant has at least one "severe medically determinable physical or mental impairment . . . or a combination of impairments[,]" *id.*, that has lasted or is "expected to last for a continuous period of at least 12 months." *Id.* § 404.1509. Severity is proven if the impairment(s) "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" *Id.* § 404.1520(c). Basic work activities include "walking, standing, pushing, pulling, reaching and carrying, and nonexertional abilities and aptitudes such as seeing, hearing, speaking, remembering, using judgment, dealing with changes and dealing with both supervisors and fellow workers." *Id.* § 404.1594(b)(4).

A non-severe impairment produces "only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work[.]" SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985). The inquiry at Step Two is a "de minimis screening device" to rule out "groundless claims," therefore, doubts should be resolved in a claimant's favor. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (quotations and citations omitted).

In this mater, the ALJ denied Plaintiff's application at Step Two, finding that Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months. (R. 19-27). Plaintiff challenges that determination and argues that evidence of her health problems was sufficient to satisfy the *de minimis* Step Two inquiry. (Doc. No. 12 at 8-13). Plaintiff argues the ALJ erred because her medically determinable impairments, including status-post right trigger thumb surgery, mild osteoarthritis of the shoulders, and

irritable bowel syndrome, significantly limit her ability to do basic work activities. (*Id.* at 9). Plaintiff explains that she is unable to resume her past work as a hairdresser on a full-time basis because she needs additional bathroom breaks, experiences hand problems, and has difficulty keeping her arms raised to style patrons' hair. (*Id.*). Plaintiff contends this evidence presents more than a "slight abnormality" and thus meets the *de minimis* burden at Step Two. (*Id.* (quoting *McCrea*, 370 F.3d at 360)).

The Court finds no error in the ALJ's Step Two analysis. After the ALJ decided that Plaintiff had not performed "substantial gainful activity" during the relevant period, (R. 18-19), she found that Plaintiff had several medically determinable impairments: right trigger thumb, diabetes, bilateral cataracts, bowel changes, gastroesophageal reflux disease, obstructive sleep apnea, osteopenia, mild degenerative joint disease of the hand, tongue swelling, mild osteoarthritis of the shoulders, depression, and anxiety. (R. 19). The ALJ found these impairments were non-severe as Plaintiff did "not have an impairment or combination of impairments that ha[d] significantly limited (or is expected to significantly limit) the ability to perform work-related activities for 12 consecutive months." (*Id.*) Accordingly, Plaintiff did not meet the burden at Step Two.

The ALJ thoroughly analyzed each of Plaintiff's impairments individually and in combination and concluded that she was not suffering from a severe impairment or combination of impairments. (R. 19-27). As to Plaintiff's right thumb pain and injury, the ALJ found this impairment resolved in less than 12 months, as Plaintiff had her operation for right trigger thumb release on June 16, 2020, and by May 2021 Plaintiff had shown improvement and no longer had complaints regarding this impairment. (R. 20 (citing Exs. 4F, 16F, 20F)). The ALJ further found Plaintiff's osteopenia, mild degenerative joint disease, and mild osteoarthritis of the shoulders were impairments that did not cause more than minimal limitations based on treatment records, a physical examination, radiology reports, an x-ray, and a bone density scan. (R. 21). The ALJ also found Plaintiff's diabetes caused no more than minimal limitations, as Plaintiff had no record of adverse symptoms stemming from this impairment that would impact her ability to perform basic work activities. (R. 21). Plaintiff's bilateral cataracts were also found to be a non-severe impairment as records demonstrated that Plaintiff did not require any additional treatment or have difficulty avoiding hazards due to her cataracts. (R. 21 (citing Exs. 1F-20F)).

Additionally, the ALJ found Plaintiff's bilateral breast carcinoma to be a non-severe impairment. Records showed that Plaintiff had no adverse postsurgical changes since her operation in 2017, no disease recurrence, and no complaints related to this impairment during the relevant period. (R. 22). The ALJ further found Plaintiff's gastroesophageal reflux disease and bowel changes to cause no more than minimal limitation in her ability to perform basic work activities. (R. 22-23). Treatment records showed mainly normal results except for a small-mouthed diverticula in her sigmoid colon,

---

minimal inflammation in the gastric antrum, and enterogastric reflux. (R. 22). Similarly, Plaintiff's obstructive sleep apnea was found to be a non-severe impairment because Plaintiff repeatedly denied any fatigue at examinations in 2020 and 2021, and she did not testify to any significant symptoms or limitations related to this impairment. (R. 23).

Likewise, the ALJ also analyzed Plaintiff's tongue swelling, depression, and anxiety, and found these impairments to be non-severe. (*Id.*) Plaintiff's tongue swelling was effectively treated and improved by taking Benadryl, and this impairment resolved in less than 12 months without any reoccurrence. (*Id.*) The ALJ found Plaintiff's depression and anxiety to be non-severe impairments because there was no record that Plaintiff attended psychotherapy or required inpatient psychiatric hospitalizations. (*Id.*). Examinations also showed that Plaintiff denied suicidal ideation and that she continued to work as a hairdresser without interference from mental health issues. (*Id.*).

Further, the ALJ found that Plaintiff did not have a combination of impairments that significantly limit her ability to perform basic work activities. (R. 26). The ALJ found this by looking at the objective medical evidence, which showed that Plaintiff's acute conditions resolved in less than twelve months, and Plaintiff's activities of daily living, which the ALJ found were inconsistent with Plaintiff's physical and mental complaints. (R. 24, 26).

The ALJ's detailed consideration of the evidence supports the ALJ's decision that Plaintiff failed to prove the existence of a severe *and* medically determinable impairment sufficient to meet Step Two of the sequential process. The ALJ clearly articulated her consideration of the record evidence as to each of Plaintiff's impairments and, based on all the evidence, logically concluded that Plaintiff did not prove she suffered from a severe medically determinable impairment. Plaintiff advocates for an alternative interpretation of the evidence, but the amenability of evidence to a different conclusion does not undermine a well-supported determination under the substantial evidence standard. *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). Accordingly, the Court will leave the ALJ's Step Two decision undisturbed.

The Court also rejects Plaintiff's argument that the ALJ violated agency regulations by failing to analyze Dr. Saltzgaber's opinion under the applicable supportability and consistency factors. (Doc. Nos. 12 at 13-17; 15 at 3-5). Specifically, Plaintiff posits that the ALJ should have found Dr. Saltzgaber's opined limitations were made after a review of treatment records and were supported by Dr. Saltzgaber's own clinical observations. (Doc. No. 12 at 14). Further, Plaintiff contends that the ALJ's reliance on Plaintiff's daily activities to discount Dr. Saltzgaber's opinion was in error as these activities do not show genuine inconsistency. (*Id.* at 14-15).

Plaintiff is correct that supportability and consistency are important considerations for the ALJ to use in evaluating the persuasiveness of medical opinions. Indeed, they are "the two most important factors for determining the persuasiveness of medical opinions[.]" 82 Fed. Reg. at 5853; *see also* 20 C.F.R. § 404.1520c(b) and (c). One court has explained the distinction between supportability and consistency as follows: "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

In this case, the ALJ explained that Dr. Saltzgaber's opinion was not persuasive because it was not supported by Dr. Saltzgaber's own examination and was inconsistent with the Plaintiff's medical treatment history, the effectiveness of treatment, and Plaintiff's activities of daily living. (R. 25). Dr. Saltzgaber opined that Plaintiff had some limitations in reaching overhead and various postural limitations, but his examination did not provide support for these limitations. Specifically, Dr. Saltzgaber opined the following:

> [Plaintiff] could lift twenty pounds occasionally and ten pounds frequently, carry twenty pounds occasionally, sit eight hours, stand six hours, and walk four hours with frequent reaching, pushing, and pulling with the right hand, occasional reaching overhead, handling, fingering, and feeling with the right hand, frequent reaching, handling, fingering, feeling, pushing, and pulling with the left hand, occasional reaching overhead with the left hand, frequent operation of foot controls bilaterally, frequent climbing ramps and stairs, balancing, and stooping, occasional kneeling and crouching, and never climbing ladders or scaffolds and crawling.

(R. 25 (citing Ex. 12F)). However, during his examination, Dr. Saltzgaber found that Plaintiff had a great deal of muscle strength in both the left and right arms and only reduced range of motion in her shoulders; indeed, Dr. Saltzgaber found the following:

> [Plaintiff showed] stable and nontender joints, a normal gait, negative straight leg raise both seated and supine, 5/5 muscle strength of the lower extremities, 5/5 muscle strength in the right upper extremity, 4/5 muscle strength of the left upper extremity, normal reflexes, no edema, no muscle atrophy, only a reduced range of motion of the shoulders, a full range of motion of the elbows, wrists, knees, hips, lumbar spine, and ankles, intact hand and finger dexterity, and 5/5 grip strength bilaterally[.]

(*Id.*).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf:   Counsel of record

---

Additionally, the ALJ found Dr. Saltzgaber's opinion was inconsistent with Plaintiff's medical treatment history, the effectiveness of that treatment, and Plaintiff's relatively normal range of activities of daily living, which included preparing meals, performing household chores, caring for her daughter, watching her grandchildren, caring for her pets, working part-time as a hairdresser, paying bills, driving, going grocery shopping, and attending appointments. (R. 25 (citing Exs. 1E, 4E, 12E, and Testimony)). While Plaintiff is correct that activities of daily living which do not indicate transferable job skills for a regular and continuing basis cannot be used as substantive evidence of non-disability, *Smith v. Califano*, 637 F.2d 968, 971-72 (3d Cir. 1981), the Third Circuit has held that an inconsistency between Plaintiff's daily living activities and a medical opinion is a legitimate basis to discredit the opinion. *See, e.g.*, *Hubert v. Comm'r of Soc. Sec.*, 746 Fed. Appx. 151, 153 (3d Cir. 2018). Accordingly, the ALJ correctly analyzed the consistency and supportability factors in accordance with agency regulations and her findings are supported by substantial evidence.

For these reasons, the Court affirms the decision of the ALJ.